**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07-CV-P381-S**
**CRIMINAL ACTION NO. 3:03-CR-45-S**

THOMAS W. MCLAURIN                                    MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                           RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

Movant filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28

U.S.C. § 2255.  Respondent has responded, and Movant has replied.  The matter being ripe, the

Court will deny the § 2255 motion for the following reasons.

## I. STATEMENT OF FACTS

On April 15, 2005, Movant was found guilty by a jury of count one of the indictment,

being a felon in possession of firearms in violation of 18 U.S.C. § 922(g).  He was sentenced to a

term of imprisonment of 235 months.  On direct appeal, Movant, through counsel, argued that

his sentence was impermissibly enhanced based on the finding of a probation officer that he had

prior convictions sufficient to qualify him as an armed career criminal.  He also argued that the

application of the statutory minimum 15-year sentence on the basis of his prior convictions

violated his Sixth Amendment rights and that his sentence was unreasonable under 18 U.S.C.

§ 3553(a).  The Sixth Circuit Court of Appeals affirmed.

## II. ANALYSIS

*A.      District court's jurisdiction*

Movant argues that the Court lacked jurisdiction over him for the prosecution of the

crime of conviction.  This is not so.  Under 18 U.S.C. § 3231, "[t]he district courts of the United

States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Movant was charged with violation of a federal law, 18 U.S.C. § 922(g). Additionally, Movant's argument to the contrary notwithstanding, § 922(g) is a constitutional enactment under the Commerce Clause of the U.S. Constitution. *See United States v. Henry*, 429 F.3d 603, 620 (6th Cir. 2005). It was not necessary, as Movant argues, that for the federal government to have standing to prosecute him the crime had to have occurred on federal land. The United States's failure to prove ownership over any geographical location in the indictment did not divest the Court of jurisdiction.

Only an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings will give rise to relief under § 2255. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). Because Movant has not shown any constitutional error, he is not entitled to § 2255 relief on this claim.

**B.      *Counsel's failure to move to dismiss indictment***

Movant argues that counsel was ineffective in failing to file a motion to dismiss the indictment under 28 U.S.C. § 1867(a) because of failure to comply with the provisions of the U.S. Code in selecting the grand jury.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a movant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

2

Section 1867(a) provides:

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

Movant's argument seems to be that evidence would show that grand jurors were being drawn from areas that were not federal enclaves or federal territories on January 1, 1945. In other words, he asserts that federal grand jurors must reside within the judicial district and that the judicial district is only comprised of federal territory as of January 1, 1945.

Movant's premise that grand jurors may only be called from federal territory within the district's counties is utterly specious. *See United States v. Siceloff*, Criminal No. 09-313, 2010 WL 1375370, at *3 (W.D. Pa. Apr. 6, 2010) ("[D]efendant's position that the jurisdiction of this court is limited solely to 'federal property possessed by the United States on January 1, 1945,' is baseless, unsupported by any law or authority and otherwise frivolous, warranting no further discussion."). Therefore, counsel was not ineffective in failing to raise such a claim.

### C.     *Counsel's failure to object to the jury*

Movant argues that counsel was ineffective in failing to object to jurors on the basis of bias based on gun ownership, having previously served on a jury, and having a family member in law enforcement.

Counsel is accorded particular deference when conducting voir dire. "An attorney's actions during voir dire are considered to be matters of trial strategy." *Nguyen v. Reynolds*, 131 F.3d 1340, 1349 (10th Cir. 1997) (citing *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995)).

Where a claim of ineffective assistance of counsel is founded upon a claim that counsel failed to strike a biased juror, the petitioner must show that the juror was actually biased against him. *See Hughes v. United States*, 258 F.3d 453, 458 (6th Cir. 2001). This Movant has failed to do.

The Sixth Circuit found counsel in *Hughes* to be ineffective when he allowed a juror to be impaneled who displayed actual bias during voir dire. *Hughes*, 258 F.3d at 464. The juror's actual bias arose from her close personal relationships to several non-party law enforcement officers in a case predicated on law enforcement testimony. *Id.* at 465. Moreover, neither the court nor counsel in *Hughes* pursued additional questions to rehabilitate the juror's impartiality after she informed the court of her bias. *Id.*

In this case, the colloquy cited by Movant does not reveal actual bias. Instead, Movant points to answers indicating that some of the jurors answered affirmatively when asked if they owned guns, if they had previously served on a jury, and if they had any family members who were police officers. He then implies that there would be a bias against him based on those answers. None of the answers cited by Movant show that they had any actual bias. Section 2255 relief on this claim is not warranted.

### D.    *Petite Policy violation*

Movant argues that the United States failed to adhere to the policy articulated in *Petite v. United States*, 361 U.S. 529 (1960). The Petite Policy of the Department of Justice directs that "no federal prosecution should be instituted following a state prosecution for the same offense without approval by the appropriate Assistant Attorney General and review by the Attorney General." *United States v. Frederick*, 583 F.2d 273, 274 (6th Cir. 1978). It is "an internal policy adopted by the Department of Justice that bars a federal trial following a state prosecution for the

same acts unless there are compelling reasons." *United States v. Fields*, No. 1:03-CR-317, 2010

WL 2431830, at *1 (M.D. Pa. June 14, 2010).

In order to obtain relief under § 2255, the record must reflect an error of *constitutional*

magnitude that had a substantial and injurious effect or influence on the proceedings. *Brecht*,

507 U.S. at 637-38. The Petite Policy "is not constitutionally mandated and confers no rights

upon the accused." *Frederick*, 583 F.2d at 274. No § 2255 relief is warranted on this claim.

### E.   *Jury had no African-American jurors*

Movant argues that he is entitled to § 2255 relief because the jury venire pool contained

no African Americans in violation of his Sixth Amendment right guaranteeing that the jury will

be selected from a pool of names representing a cross-section of the community.

Movant's counsel raised this issue in a pretrial motion, and a hearing was held. At that

hearing, the Clerk of Court, Jeffrey Apperson, and the Court's jury administrator, Sharon

Palmer, testified as to the jury-selection process. As counsel for the United States points out,

Ms. Palmer also testified as to the jury-selection process in another Western District of Kentucky

case in which the African-American defendants also had a jury venire panel with no African

Americans on it. In affirming that case on appeal, the Sixth Circuit held that the Western

District of Kentucky's jury selection plan did not violate the fair cross-section requirements of

the Sixth Amendment. *United States v. Allen*, 160 F.3d 1096, 1103 (6th Cir. 1998). For the

same reason, the Court finds that the jury-selection plan did not violate the Constitution despite

the fact that there were no African-Americans on the jury voir dire panel.

*F.*      *Ineffective assistance of counsel on appeal*

Movant argues that there were five meritorious arguments that would have certainly led to reversal of his conviction and sentence had appellate counsel raised them, *i.e.*: (1) that the district court lacked subject matter and personal jurisdiction over him; (2) that the territorial composition of the district is only the federal territory as of January 1, 1945; (3) that the U.S. Attorney's Office failed to follow sections 1446-48 of Title 28 of the U.S. Code and the Petite Policy; (4) that the jury was biased; and (5) that there were no African-Americans in the jury pool. Movant argues that appellate counsel's failure to raise these arguments was ineffective assistance because these issues were "'dead bang winners.'"

It is not constitutionally necessary for appellate counsel to raise every nonfrivolous claim on direct appeal. *Jones v. Barnes*, 463 U.S. 745, 752-53 (1983). In fact, the process of "'winnowing out weaker arguments on appeal'" is "the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

A "dead-bang winner" has been defined as an issue which was obvious from the trial record and which would have resulted in a reversal on appeal. *United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995). "By omitting an issue under these circumstances, counsel's performance is objectively unreasonable because the omitted issue is obvious from the trial record [and such] omission prejudices the defendant because had counsel raised the issue, the defendant would have obtained a reversal on appeal." *Id.* Here, none of the issues pointed to by

Movant were "dead-bang winners," because, as discussed above, none of them were meritorious and therefore none would have resulted in a reversal on appeal. Consequently, Movant's request for § 2255 relief on this claim must be denied.

## G. *Cumulative error*

Movant argues that the cumulative effect of all of the errors requires reversal of his conviction. Because Movant has not shown that any error occurred, this argument is meritless. *See United States v. Lumpkin*, 192 F.3d 280, 290 (2d Cir. 1999) (holding where "the trial court did not commit reversible error as to any of the challenges raised by defendant, . . . the accumulation of non-errors does not warrant a new trial").

## III. CONCLUSION

For the foregoing reasons, the Court will by separate Order deny Movant's § 2255 motion.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully moves to vacate, set aside or correct his sentence pursuant to § 2255 in a federal district court and subsequently seeks appellate review, must secure a Certificate of Appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

The Court finds that a COA would not be warranted on any of the claims asserted by Movant in his § 2255 motion because reasonable jurists would not find the assessment of Movant's constitutional claims debatable or wrong.

Date:

cc:     Movant, *pro se*
        United States Attorney
4411.009